ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH R. YANG (Cal. State Bar No. 196461)
Chief, Violent and Organized Crime Section
GARTH HIRE (Cal. State Bar No. 187330)
JOANNA M. CURTIS (Cal. State Bar No. 203151)
ROBYN K. BACON (Cal. State Bar No. 251048)
Assistant United States Attorneys
Violent and Organized Crime Section
KEVIN L. ROSENBERG (Ohio State Bar No. 0081448)
Trial Attorney
United States Department of Justice
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-1785/0492/0298/4667
    Facsimile:  (213) 894-3713
    E-mail:     Elizabeth.Yang@usdoj.gov
               Garth.Hire@usdoj.gov
               Joanna.Curtis@usdoj.gov
               Robyn.Bacon@usdoj.gov
               Kevin.L.Rosenberg.usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>JOSE ALFARO, et al.,<br><br>       Defendants. | No. CR 09-466-DSF<br><br>REQUEST FOR DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 48(a) OF: (1) COUNT ONE AS TO DEFENDANT SANCHEZ ONLY; (2) COUNT NINE AS TO DEFENDANTS FUENTES, SANCHEZ, CENDEJAS, AND PINEDA; AND (3) COUNT SIXTEEN AS TO DEFENDANT SANCHEZ ONLY; OPPOSITION TO DEFENDANTS SANCHEZ'S AND FUENTES' MOTIONS TO DISMISS INDICTMENT |

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney for the Central District of California hereby requests leave of Court to dismiss the following counts of the indictment in this case without prejudice:

- Count One as to defendant Alex Sanchez only;
- Count Nine as to defendants Juan Fuentes, Sanchez, Juan Cendejas, and Ruben Pineda; and
- Count Sixteen as to defendant Sanchez only.

The government further requests that the Court strike Racketeering Act 15 and Overt Acts 108 and 109 from Count One.

This request is based on the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may request.

Dated: December 17, 2012          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


      /s/ Elizabeth R. Yang
ELIZABETH R. YANG
Assistant United States Attorney
Chief, Violent and Organized Crime Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   ARGUMENT**

In their Motions to Dismiss, defendants Alex Sanchez ("defendant Sanchez") and Juan Fuentes ("defendant Fuentes")[1] (collectively "defendants") raise serious questions regarding the evidence presented to the grand jury and the manner in which it was presented.  Although the government disputes defendants' allegations of misconduct and grand jury abuse, the government agrees that the grand jury presentation with respect to the conspiracy to murder Walter Lacinos, aka "Camaron," was flawed.  In order to correct the errors and omissions in the initial presentation, the government asks the Court to dismiss without prejudice, pursuant to Federal Rule of Criminal Procedure 48(a), the following counts of the indictment:

- Count One (RICO Conspiracy) as to defendant Sanchez only;
- Count Nine (VICAR based on conspiracy to murder Lacinos) as to defendants Juan Fuentes, Sanchez, Juan Cendejas,[2] and Ruben Pineda;[3] and

---

[1]   Defendant Fuentes has filed a joinder to defendant Sanchez's motion, but has not articulated separate or independent grounds for dismissal. (See Def. Fuentes' Joinder as to Motion to Dismiss Indictment (CR 1234)).  Defendant Fuentes has also filed a Motion for a Bill of Particulars with respect to Racketeering Act 15 of Count One and Count Nine. (See CR 1231).  Because the government is requesting dismissal of Count Nine and the striking of Racketeering Act 15 and Overt Acts 108 and 109 from Count One, all of which allege  the conspiracy to murder Lacinos, defendant Fuentes' motion for a bill of particulars is moot.  However, defendant Fuentes remains properly charged in Count One.  See footnote 5 below.

[2]   On December 10, 2012, defendant Cendejas entered a guilty plea to Count One of the indictment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The plea agreement calls for the dismissal

1

- Count Sixteen (narcotics trafficking conspiracy) as to defendant Sanchez only.

The government further requests that the Court strike Racketeering Act 15 and Overt Acts 108 and 109 from Count One, as the conspiracy to murder Lacinos forms the basis of these allegations as well.

The government makes this request with the express intention of re-filing certain of the dismissed charges, including certain charges with respect to defendant Sanchez, as part of a superseding indictment in this case.[4] Accordingly, the government opposes defendants Sanchez's and Fuentes' motions to dismiss the charges specified above to the extent that they seek dismissal with prejudice, and opposes defendant Fuentes' motion to dismiss to the extent that it seeks to dismiss Count One as against defendant Fuentes.[5]

---

of Count Nine as against defendant Cendejas at the time of sentencing. As a result, the government has no objection to dismissing Count Nine against him at this time without prejudice, with the dismissal to become final should the Court accept the plea agreement.

[3] Defendant Pineda is a fugitive. He remains charged in Counts One and Sixteen. See footnote 5 below.

[4] A determination of which of the dismissed charges will be pursued will be made only after a thorough re-review of the evidence.

[5] Although the government does not dispute that there were errors in the presentation of evidence regarding Count Nine of the indictment, defendant Fuentes fails to identify any defects in the grand jury presentation with respect to the allegations in Count One as against him or any prejudice he has suffered as a result of anything which took place before the grand jury in this case that would affect the validity of the charge against him in Count One.

2

A district court should grant a motion to dismiss without prejudice if the court finds that the government is acting in good faith. See United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988) ("While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution."). Examples of bad faith dismissals include cycles of dismissal and reindictment for the purpose of harassment. See id.; see also United States v. Wallace, 848 F.2d 1464, 1468-69 (9th Cir. 1988) (noting bad faith reasons for dismissal, including moving for dismissal moments before trial because the prosecutor did not like the jury or dismissing charges with the intention that defense witnesses would become unavailable).

Here, the government's motion to dismiss demonstrates the good faith contemplated by Rule 48(a). The government believes that there is sufficient evidence to support certain of the dismissed charges, including certain of the charges against defendant Sanchez, but recognizes and takes very seriously the errors in the initial

---

See Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); United States v. Chanen, 549 F.2d 1306, 1313 (9th Cir. 1977).

Defendant Pineda has not filed a motion to dismiss. The flaws in the presentation with respect to Count Nine, however, lead the government to seek dismissal of that count, without prejudice, as to him as well. As with defendant Fuentes, however, the flaws with respect to Count Nine do not justify dismissal of Counts One and Sixteen as to defendant Pineda.

3

presentation to the grand jury and seeks the opportunity to correct the mistakes made in the previous grand jury presentation by re-presenting this case to a new grand jury, focusing on the facts likely to be in dispute at trial.  Defendants have been provided with tens of thousands of pages of discovery in this case and are on ample notice of the government's intentions.  In addition, the government will provide defense counsel with additional discovery relating to any additional grand jury proceedings as soon as it becomes available.  Under these circumstances, the government has demonstrated that it is acting in good faith and its motion for dismissal without prejudice should therefore be granted.

    Where a timely filed indictment is dismissed without prejudice "for any reason after the period prescribed by the applicable statute of limitations has expired," the government has six months to refile a new indictment.  18 U.S.C. § 3288; see also United States v. Peloquin, 810 F.2d 911, 912 (9th Cir. 1987) (the § 3288 "Savings Clause" applies to situations in which the original timely filed indictment was dismissed due to flaws in the grand jury proceedings) (citing United States v. Charnay, 537 F.2d 341, 355 (9th Cir. 1987)).

//
//
//

4

## II. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court dismiss Counts One, Nine, and Sixteen of the indictment, as against the defendants set forth above, without prejudice; strike Racketeering Act 15 and Overt Acts 108 and 109 from Count One; deny defendants Sanchez's and Fuentes' motions to dismiss with prejudice; and deny defendant Fuentes' motion to dismiss Count One as against him.

Dated: December 17, 2012          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


       /s/ Elizabeth R. Yang
ELIZABETH R. YANG
Assistant United States Attorney
Chief, Violent and Organized Crime Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA